834 So.2d 951 (2003)
Jerry DUCKSWORTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2791.
District Court of Appeal of Florida, Third District.
January 22, 2003.
John H. Lipinski, Hollywood, for appellant.
Charlie Crist, Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
*952 Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Jerry Ducksworth, Defendant below, appeals from a conviction and sentence for the offense of robbery with a weapon. We affirm in part, and reverse in part.
In the instant case, the trial court sentenced the Defendant to life in prison as a Habitual Violent Felony Offender, and concurrent 30-year minimum mandatory sentences as a Prison Release Reoffender and as a three-time violent felony offender. According to the Florida Supreme Court in Grant v. State, 770 So.2d 655, 659 (Fla. 2000), because Section 775.082, Florida Statutes, the Prison Release Reoffender Act ("the Act"), only authorizes the trial court to deviate from the Act's sentencing scheme to impose a greater sentence of incarceration, the trial court lacks the authority to impose an equal sentence under the habitual felony offender statute. See Grant, 770 So.2d at 659; see also Barge v. State, 789 So.2d 972 (Fla.2001); Bloodworth v. State, 790 So.2d 1032 (Fla.2001). Here, while the life sentence imposed as a Habitual Violent Felony Offender is clearly appropriate under the Act and Grant, we conclude that the trial court erred in imposing both a 30-year sentence under the Prison Release Reoffender Act and a concurrent 30-year sentence as a three-time violent felony offender.
Accordingly, we reverse the sentencing order in part and strike the 30-year mandatory minimum sentence as a three-time violent felony offender. The remaining issues raised by the Defendant on appeal are without merit.
Affirmed in part, reversed in part.