COPE, J.
 

 This is an appeal of an order summarily denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). According to the motion, defendant-appellant Romero was convicted of armed robbery.
 
 *
 
 The defendant states that he was sentenced to incarceration for life, both as a three time violent offender and as a prison releasee reoffender (“PRR”).
 

 In issue two, the defendant argued that his concurrent life terms as a PRR and a three time violent felony offender violated double jeopardy principles. While this is technically not a double jeopardy issue, the Florida Supreme Court has held that as a statutory matter, the PRR Act itself prohibits equal concurrent terms under the PRR Act and the habitual offender statute.
 
 Grant v. State,
 
 770 So.2d 655, 659 (Fla. 2000);
 
 Ducksworth v. State,
 
 834 So.2d 951, 952 (Fla. 3d DCA 2003). In the trial court, the State conceded the point but the trial court denied relief. The State response indicated that the designation as a three time violent felony offender should be vacated.
 

 In issue three, the defendant argued that he did not actually qualify as a three time violent felony offender. The State responded that if the three time violent felony offender designation were vacated as suggested for issue two, then this issue would be moot.
 

 On appeal from the summary denial of a rule 3.800(a) motion, this court is obligated to reverse unless the postconviction record shows conclusively that the appellant is not entitled to any relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D). We therefore reverse the order now before us and remand the case for further proceedings on the defendant’s issues two and three. We affirm as to issues one and four without comment.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 *
 

 The crime date was July 3, 2000.