*76
 
 ROTHENBERG, J.
 

 The defendant, Jerry Lavone Ducks-worth, appeals his life sentence, arguing that the trial court imposed a vindictive sentence. We affirm.
 

 In 1999, the defendant was charged with one count of robbery with a deadly weapon and one count of aggravated assault. At the time of the charged offenses, the defendant was on probation, and therefore, the State filed an affidavit of probation violation, seeking to revoke the defendant’s probation.
 

 At a pretrial hearing conducted on October 2, 2000, the State informed the trial court that the defendant scored eleven to nineteen years on the violation of probation, and that he qualified for enhanced sentencing in the new case as a habitual offender and prison releasee reoffender, and possibly as a habitual violent offender. The State then informed the trial court that it “had a standing offer of 20 years as a habitual offender to close all the matters, which I think is reasonable.” In response, the trial court stated, “I agree.” Defense counsel rejected the offer on the defendant’s behalf. Thereafter, the trial court, without further discussion regarding the State’s plea offer, granted a joint continuance.
 

 In February 2001, the defendant’s trial resulted in a hung jury and mistrial. While the jury was deliberating, however, the trial court conducted a probation violation hearing. The trial court found that the defendant violated his probation and sentenced him to 9.9 years.
 

 The defendant was retried in May 2001. The jury found the defendant guilty of robbery with a weapon, as a lesser included offense of robbery with a deadly weapon. Thereafter, the trial court sentenced the defendant to life in prison as a habitual violent felony offender and concurrent thirty-year minimum mandatory sentences as a prison releasee reoffender and three-time violent felony offender. In sentencing the defendant, the trial court stated: “It is obvious to this court that sentencing Mr. Ducksworth to the maximum possible sentence is necessary for the protection of society.”
 

 This Court affirmed the defendant’s conviction, life sentence as a habitual violent felony offender, and thirty-year minimum mandatory sentence as a prison releasee reoffender, but struck the thirty-year minimum mandatory sentence as a three-time violent felony offender.
 
 Ducksworth v. State,
 
 834 So.2d 951, 952 (Fla. 3d DCA 2003). Several years later, this Court granted the defendant a belated appeal on the claim of vindictive sentencing.
 
 Ducksworth v. State,
 
 998 So.2d 614 (Fla. 3d DCA 2008), which is the subject of the present appeal.
 

 The defendant contends that, based on the totality of the circumstances, the trial judge imposed a presumptively vindictive sentence. We disagree.
 

 In
 
 Wilson v. State,
 
 845 So.2d 142, 156 (Fla.2003), the Florida Supreme Court set forth the applicable standard when determining whether the defendant’s due process rights were violated by “the imposition of an increased sentence after unsuccessful plea discussions
 
 in which the trial judge participated.”
 
 (emphasis added). As further explained in
 
 Wilson:
 

 Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a “reasonable likelihood” that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. The other factors that should be considered include but are not
 
 *77
 
 limited to: (1) whether the trial judge initiated the plea discussions with the defendant ...; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
 

 Id.
 
 at 156 (citation omitted; footnotes omitted). If the totality of the circumstances gives rise to a presumption of vindictiveness, then the burden shifts to the State to produce evidence on the record to dispel the presumption.
 
 Id.
 
 at 156 n. 8 (“Where the totality of the circumstances does not give rise to a presumption of vindictiveness, the burden remains upon the defendant to prove actual vindictiveness.”).
 

 Here, the trial judge did not participate in the plea negotiations. Instead, the record demonstrates that the State informed the trial court that the defendant scored eleven to nineteen years on the probation case and 10.8 years with a ten-year minimum mandatory on the new charges; the defendant qualified for enhanced sentencing on the new charges as a habitual offender, a prison releasee reof-fender, and possibly as a habitual violent offender; that the sentence on the new charges could be ordered to run consecutive to the sentence imposed on the probation violation; and that the State had offered the defendant a plea of twenty years “to close all matters,” commenting that it believed that the offer was “reasonable.” Thereafter, the trial judge merely agreed that the State’s plea offer sounded reasonable. After defense counsel rejected the plea offer on the defendant’s behalf, the trial judge did not comment on the defendant’s decision nor discuss the plea offer. Moreover, the record does not demonstrate that the trial judge was aware of the facts surrounding the newly charged crimes or that he would have accepted the plea after reviewing the facts of the case or the defendant’s prior criminal history. Based on the record before this Court, the totality of the circumstances does not give rise to a presumption of vindictiveness. Thus, the burden remained with the defendant to prove actual vindictiveness, and because the defendant failed to meet his burden, we affirm.
 

 Affirmed.